Griffith, J.
The question here presented is whether the Board of Tax Appeals acted unreasonably or unlawfully in ruling that appellant telephone company was liable for the public utility excise tax for the fiscal year beginning July 1, 1960.
Section 5727.38, Revised Code, provides for the levy of an excise tax on certain public utilities, including telephone companies, on the basis of their gross receipts for the period of July 1 through June 30 of the previous year (Sections 5727.31 and 5727.32 (I), Revised Code). The appellant contends that it is not liable for the tax, arguing that its corporate life is determined by the corporation laws of Ohio and not by the Public Utilities Commission; that after it filed a certificate of dissolution with the Secretary of State on June 30, 1960, by virtue of the corporation laws of Ohio, it could no longer carry on business nor could any person exercise the rights of the corporation; and that, having carried on no business in the year beginning July 1,1960, it is not liable for the excise tax assessed.
The Tax Commissioner urges that the public utility tax is a privilege tax for operating a utility in a given year based on income of the utility for the preceding year, and that, consequently, the operation of a public utility for just one day in a given fiscal year is an exercise of the privilege and renders the utility liable for the entire tax. True, the Tax Commissioner says that, although the appellant’s certificate of dissolution was filed on June 30, 1960, the Public Utilities Commission did not *143 give authority for the successor corporation, new Commonwealth, to begin to render utility services until July 2, 1960; that it is clear that some entity other than the successor corporation rendered the utility service on and after June 30, 1960, and particularly on July 1, 1960; that the utility service was rendered on July 1, 1960, by the only utility able to render such a service, namely, the appellant; that, because of rendering utility service on July 1, 1960, appellant did exercise the privilege of operation during the succeeding year; and that the appellant, therefore, became liable for the tax.
The certificate of dissolution filed on June 30, 1960, is not controlling in this case. This certificate was based on a resolution of the shareholders which adopted a plan of reorganization submitted by the board of directors. Both in the plan of reorganization and in the resolution of the shareholders, provision was made for dissolution of the corporation subsequent to the transfer of assets. The order of tire Public Utilities Commission forbade transfer of assets until July 2, 1960. A corporation in Ohio continues to exist after a certificate of dissolution has been filed and continues to exist until it has been completely liquidated. One of the purposes of this continued corporate existence is to enable the corporation to carry out existing contracts. Section 1701.88 (D), Revised Code.
The appellant was a public utility. It had an obligation to perform a public utility service which could not be avoided by the mere filing of a certificate of dissolution. Unquestionably, one of the obligations of old Commonwealth was the furnishing of telephone service until the company was duly relieved of that burden by action of the commission. A public utility corporation must first receive authorization from the commission to dissolve prior to July 1 of any given year before it can cease to engage in the business of furnishing its services to the public, and, by its order approving dissolution, the commission specifically limited the time of dissolution to “on or after 12:01 a.m. July 2, 1960.” Old Commonwealth did not cease to furnish telephone service until July 2, 1960, and, even though operating and rendering service for only a single day, it became amenable to the public utility excise tax for the year 3960, It did exist after its certificate of dissolution was filed *144 with the Secretary of State, and, considering the facts in this case and the law applicable thereto, we are unable to determine that the decision of the Board of Tax Appeals is either unreasonable or unlawful.
We find that the appellant is subject to the public utility excise tax as imposed. For these reasons the decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Kerns and O’Neill, JJ., concur.
Kerns, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.